BLD-111                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3338
_____

JAMES L. CULVER,
                                                    Appellant

v.

STATE OF PENNSYLVANIA, JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.10-cv-00382)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: March 1, 2011)
_____

OPINION
_____

PER CURIAM

        James L. Culver appeals from the order of the United States District Court for the

Middle District of Pennsylvania dismissing his complaint.  We will affirm the District

Court's order.

        Because the parties are well-acquainted with the background of the case, we will

summarize it only briefly.  On February 22, 2010, Culver commenced a civil action in

District Court by filing a complaint in which he named the Commonwealth of Pennsylvania ("the Commonwealth") and ten John Doe defendants. From the allegations and the attached exhibits, it appears that he was involved in a state court lawsuit against an entity identified as Ecumenical Enterprises. Among other things, Culver stated that his monthly rent was raised to an amount that he contends was above market rate, and that Ecumenical Enterprises received a federal subsidy that increased its monthly receipts to double the market rent--conduct that he believes constitutes a RICO violation. Concerning the state court proceedings, Culver stated that he "was served late and in default," that the judge and clerk acted in conspiracy with the attorney who represented Ecumenical Enterprises, and that the various state offices he contacted--including the Pennsylvania Judicial Conduct Board, and the Disciplinary Board of the Pennsylvania Supreme Court--all failed to assist him. He further alleged wrongdoing by the Commonwealth, stating that "PA has been negligent in doing anything to right the wrongs of its corrupt and unethical courts, judges, and lawyers, or provide oversight for them. . . . Pennsylvania has failed to properly train their judges and lawyers in proper administrative procedure." (Complaint at 2.) Culver alleged that his civil rights were violated and sought damages as relief on the basis of gross negligence and conspiracy against the rights of citizens, 18 U.S.C. § 241. The complaint refers to the federal RICO Act, various civil rights statutes, and various provisions of the United States constitution. On March 18, 2010, Culver filed a motion for entry of default. On March 19, 2010, the assigned Magistrate Judge directed the Clerk of Court to serve Culver's complaint and

motion for entry of default on the Commonwealth and directed the Commonwealth to respond by April 19, 2010.

On April 19, 2010, the Commonwealth filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, along with a brief in support of its motion. The next day, Culver filed his second motion for entry of default. On April 21, 2010, the Magistrate Judge denied both of Culver's motions for default in light of the Commonwealth's response to the complaint, and the court issued a briefing schedule concerning the Commonwealth's motion to dismiss. The Commonwealth filed its brief, asserting that Culver's claims against it were barred by the Eleventh Amendment. Culver filed his brief in response. Among other things, he emphasized his allegations that the Commonwealth was liable for the wrongdoing of its employees and to provide redress for acts of negligence, conspiracies, and crimes against its citizens. Culver also argued that the Eleventh Amendment was not a valid defense because it was superseded by the Fourteenth Amendment.

The Magistrate Judge issued a report and recommendation that the complaint be dismissed. Specifically, the Magistrate Judge determined that, to the extent that Culver sought federal court review of state court decisions in a lawsuit in that court, the action was barred by the Rooker-Feldman doctrine. Also, the Magistrate Judge determined that the Commonwealth--the sole named defendant--was immune from suit under the Eleventh Amendment to the United States Constitution, and that the Eleventh Amendment was not repealed by implication. Moreover, the Magistrate Judge

determined that, to the extent that Culver intended to sue the judicial officers and staff involved in the state court case, or the disciplinary board officials who allegedly did not assist him, those defendants would be entitled to assert their respective immunities from suit. Accordingly, the Magistrate Judge recommended dismissal of the complaint, noting that Culver had failed to state a viable cause of action and that further amendment of the complaint would be futile. Culver filed objections to the report and recommendation, in which he presented several arguments concerning the procedural history in the case. Specifically, Culver argued that the denial of his motions for entry of default was erroneous, and that the Commonwealth twice improperly served him with its pleadings. On July 28, 2010, the District Court adopted the report and recommendation and granted the Commonwealth's motion to dismiss the action.

Culver appeals. In his notice of appeal, Culver contends that the Magistrate Judge's report is "inaccurate, distorted, and erroneous," and that the District Court did not consider all aspects of the complaint. Culver does not identify any particular inaccuracies or omissions in particular concerning the legal merits of his claims. Upon review of the record, we will affirm the District Court's judgment, for substantially the same reasons set forth in the Magistrate Judge's report. We agree that the complaint fails to state a cognizable claim and that further amendment would be futile.

We note that Culver's notice of appeal contains several renewed arguments concerning the procedural history in his case. First, he asserts that the Commonwealth failed to effect proper service on him with its pleadings, that those pleadings should have

been considered nullities, and that the Magistrate Judge "overruled the summons and gave defendants 30 extra days, and after 50 days, the defendants defaulted again." (Notice of Appeal (emphasis in the original).) Culver's position appears to be based on the premise that the Commonwealth was served with the summons on February 24, 2010, and the response to the complaint (in this case, the motion to dismiss) should have been filed within twenty days of that date; Culver believes that the Commonwealth was in default, that his motions for entry of default were erroneously denied, and that the Magistrate Judge erred in setting a new response date. We discern no error in the denial of Culver's motions for default. As the Magistrate Judge explained in his March 19, 2010 order, the document that Culver describes as a summons served on February 24, 2010 bears proof of receipt by certified mail on that date but allows for "substantial doubts" regarding whether Culver had properly effected "service" of the summons on the Commonwealth in compliance with Federal Rule of Civil Procedure 4. See, e.g., Fed. R. Civ. P. 4(c) and 4(j).[1] Although Culver asserts that the Magistrate Judge's denial of entry of default was based on a "hunch," it is evident that the Magistrate Judge's decision was based on the documents in the record.

---

[1] Under the Federal Rules of Civil Procedure, service of a summons is governed by rules distinct from the rules governing service of pleadings and other papers. For purposes of Rule 4, "service" of a summons is not necessarily equivalent to "mailing," even when certified mail is used.

5

After thorough review of the record, we will affirm the District Court's order because this appeal does not present a substantial question.  <u>See</u> 3d Cir. LAR 27.4.